IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JOHN D. PAULK and, <br> BETSY L. PAULK, | ) <br> ) <br> ) | C/A No.: 3:07-4081-CMC |
| Plaintiffs, | ) <br> ) | OPINION AND ORDER <br> GRANTING |
| v. | ) <br> ) | MOTION TO REMAND |
| NATIONWIDE MUTUAL FIRE <br> INSURANCE COMPANY, BARKER <br> AND ASSOCIATES, INC. d/b/a <br> FRONTIER ADJUSTERS OF SC, <br> C. LEE BARKER, AND LEE PITTILLO, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

This matter is before the court on Plaintiffs' motion to remand this action based on the absence of subject matter jurisdiction. Specifically, Plaintiffs assert that the diverse Defendant has failed to satisfy the high standard for establishing that the non-diverse Defendants were fraudulently joined.

For the reasons set forth below, the court agrees and remands this matter to state court. In light of this determination, the court declines to address the motion to dismiss filed by two of the nondiverse Defendants, leaving that motion for resolution by the state court.[1]

## I. BACKGROUND

This action arises from a dispute over the amount to be paid for a fire loss which damaged Plaintiffs' home. The home was insured by Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"). When the parties could not reach agreement as to the amount to be paid,

---

[1] The diverse Defendant may again remove the matter in the event all nondiverse Defendants are dismissed by the state court within the period allowed for removal.

Nationwide invoked the appraisal provisions under the policy.

Plaintiffs and Nationwide each selected an appraiser pursuant to the appraisal provisions. These two appraisers attempted to reach agreement as to the dollar value of the loss but were unable to do so. Faced with this impasse, and as provided by the policy's appraisal provisions, the first two appraisers selected a third appraiser ("Umpire") to help resolve the dispute. Ultimately, the Umpire and the appraiser selected by Nationwide ("Nationwide's Appraiser") agreed on a dollar value of the loss. This amount became binding under the appraisal provisions. Both Nationwide's Appraiser and the Umpire are, by trade, insurance adjusters.

Plaintiffs filed this action in state court challenging the adequacy of the amount determined through the appraisal process and the manner in which the process was conducted. They allege, *inter alia*, that Nationwide's Appraiser failed to disclose information regarding the nature of his or Nationwide's ongoing relationship with the Umpire which, had it been disclosed, would have led Plaintiffs' Appraiser to insist on a different Umpire. Plaintiffs also allege collusion between Nationwide's Appraiser and the Umpire as to the amount of the loss. Based on these allegations, Plaintiffs assert multiple claims against Nationwide sounding in contract and tort. In addition, they seek recovery from Nationwide's Appraiser and the Umpire based on a negligence theory.[2]

Defendant Nationwide removed this action to federal court based on the court's diversity jurisdiction. Nationwide acknowledged that nondiverse Defendants were named in the complaint, but argued that these Defendants had been fraudulently joined. Nationwide's Appraiser moved to

---

[2] In their memorandum filed in support of remand and in opposition to the related motion to dismiss, Plaintiffs suggest that they may seek to amend the complaint to allege a conspiracy claim against all Defendants. Dkt No. 19 at 7-8. The propriety of removal is, however, judged based on the allegations of the complaint at the time of removal. The court has not, therefore, considered this possible amendment in addressing the motion to remand.

dismiss the claims asserted against him immediately following removal.[3]  Dkt No. 7.  This motion was based on the same arguments as raised in the removal papers.  Plaintiffs, thereafter, sought remand asserting that the non-diverse Defendants had not been fraudulently joined.

## II.  STANDARDS

### A.  Standard for Removal – Assertion of Subject Matter Jurisdiction

The party removing an action bears the burden of demonstrating that jurisdiction properly rests with the court at the time the petition for removal is filed.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938); *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed.  *Mulcahey,* 29 F.3d at 151.  If federal jurisdiction is doubtful, remand is necessary.  *Id*.

To be removable to federal court, a state action must be within the original jurisdiction of the district court.  *See* 28 U.S.C. § 1441.  District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states."  28 U.S.C. § 1332(a)(1).

### B.  Fraudulent Joinder Standard

When a plaintiff has fraudulently joined a nondiverse defendant, a district court may retain jurisdiction and disregard the nondiverse party.  *See Mayes v. Rapaport*, 198 F.3d 457, 461 (4th Cir. 1999).  To show fraudulent joinder of a party, a removing party "must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'"  *Hartley*

---

[3] There are actually three non-diverse Defendants.  One of the three is a company owned by Nationwide's Appraiser.  Because the analysis as to this entity is the same as the analysis as to its owner, this order does not distinguish between the two.

*v. CSX Transportation, Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden–it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley,* 187 F.3d at 424.

The Fourth Circuit has described this standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (citations omitted). All the plaintiff needs to show is that there is a "glimmer of hope," *Mayes,* 198 F.3d at 466, or a "slight possibility of a right to relief" in state court. *Hartley,* 187 F.3d at 426.

### III.  DISCUSSION

Nationwide argues that the nondiverse Defendants are adjusters by trade and, in fact, acted as adjusters during the appraisal process. As Nationwide correctly observes, South Carolina would not recognize a claim against the nondiverse Defendants if deemed to be acting as adjusters for the insurance company. *See Charleston Dry Cleaners & Laundry v. Zurich American Ins. Co.,* 586 S.E.2d 586, 618-19 (S.C. 2003) (deciding, as matter of first impression, that an "independent insurance adjuster" hired by an insurer owes no direct duty of care to the insured). This is because the adjuster is acting as the agent of the insurer. *Id.* (also noting that the adjuster's actions may be imputed to the insurer).

Plaintiffs respond that *Charleston Dry Cleaners* is not controlling in this action because the nondiverse Defendants were acting as appraisers rather than adjusters. Plaintiffs' position finds at least some support in *L.D. Jennings Co., v. North River Ins. Co.*, 172 S.E. 700 (S.C. 1934). In that case, the South Carolina Supreme Court distinguished between the role of an adjuster and the role of an appraiser, noting that "arbitrators or appraisers are not agents, representatives, or advocates

4

of the party by whom they are selected . . . but should exercise a judicial impartiality in the performance of [their] duties." *Id.,* 172 S.E. at 701 (quoting *Fass v. Insurance Company,* 89 S.E. 1040, 1044 (S.C. 1916)).

The court agrees that the day-to-day business of the nondiverse Defendants (as adjusters) is not necessarily determinative of their role in regard to the appraisal process. As noted in both *Charleston Dry Cleaners* and *North River,* an adjuster hired by an insurance company is the agent of the company. An appraiser, by contrast, has a different set of duties and loyalties as explained in *North River.* This would be particularly true as to the Umpire who, most clearly, was obligated to act as a disinterested neutral.

While a modern court may ultimately decide that the appraisers are immune from suit, *North River* provides at least a "glimmer of hope" for Plaintiffs' claims against the nondiverse Defendants. The court, therefore, finds that Nationwide has not satisfied the high standard required to establish that the non-diverse Defendants were fraudulently joined. Because removal was based on the assertion of diversity jurisdiction under 28 U.S.C. § 1332, it follows that the court lacks subject matter jurisdiction over this action.

## IV.  CONCLUSION

For the reasons set forth above, the motion to remand is granted. The court, therefore, remands the action to the state court from which it was removed. The court declines to award fees, costs or expenses under 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 4, 2008